This is our next case of the morning. People of the state of Illinois v. local mayors. For the appellant, Mr. Gerke, is that the right pronunciation? That's correct. All right. And for the appellee, Ms. Brooks, you may proceed. Good morning, your honors. May it please the court. I raise three issues on appeal that the court of minorities on the due process issue appraises you in this case. The court would be more than happy to discuss the other issues or answer any questions you may have about them. Your honors, in this case, the state argued that the jury could find by claim guilty an unlawful use of a weapon based both on his charged conduct in Urbana and also based on his testimony at trial that he put his wrist on his cousin's arm while she test fired him earlier, which explained what he had done to her cousin on the scene. The problem with that theory, your honors, is that the state did not charge that ram tool conduct as a separate offense. It only charged the offense that took place in ram tool. Now, for that reason, your honors, it violated my client's due process right to the notice of the charges against him. Now, the state argues that somehow the information in this case, which was based on a preliminary hearing, included an offense that they didn't even know about at the time the trial began. Now, Illinois law is very clear. It says, quote, no prosecution may be pursued by information unless a preliminary hearing has been held or permanently waived. And at that hearing, probable cause to believe the defendant committed an offense was found. In this case, Officer Girushi testified that my client allegedly possessed a silver handgun at 304 Scott's Wood Drive in Urbana. There was no mention of anything happening in ram tool, no evidence to testify. Based exclusively on that testimony, a preliminary hearing judge found probable cause to charge my client with an illegible weapon in Urbana. The state's argument that somehow evidence that I didn't know about at that time of that preliminary hearing, at the time the trial began, at the time the information was signed, until after the state's case is achieved and my client testified, can somehow add a count, or not even add a count, add an additional crime to the single count of unlawful use of a weapon by a felon in this case. And that's just not supported by Illinois law. As I said, no prosecution by information for a crime can proceed unless there's been a probable cause found at a preliminary hearing. There was no probable cause found here for a ram tool offense in a preliminary hearing in this case. Now, the state's problem also, the state's argument also creates this problem of duplicity, which is a longstanding criminal law concept. It's cited in my brief with respect to several Southern Circuit cases, along with Supreme Court case Lafayette. Look, duplicity is the concept of charging two distinct offenses based on one count of a crime. And in this case, Your Honor, these are two distinct offenses. They're in different cities. They're different guns. And they're at completely different times. And that creates a problem here because the jury was told that they could find my client guilty of two different offenses based on one count. We have no idea which offense. First of all, the jury wasn't even able to find my client guilty of either offense. They only had one count. We also don't know whether the jury unanimously found my client guilty of either offense. And we also don't know, perhaps my client was acquitted of the ram offense and found guilty of the uncharged ram tool offense. We just don't know. And so, therefore, in respect to my client's constitutional rights to be processed were violated in this case. Now, assuming that my client's process rights were violated, the state does not dispute, assuming the error, that this meets either plain error or infected assistance of counsel for a ramming tool gun. The state doesn't waive it, to be clear, but the state does not respond to that argument. And just to be clear, this is second-pronged plain error at the very least. Again, there are numerous Illinois Supreme Court cases talking about how it's second-pronged plain error for a person to be convicted of an uncharged offense. Certainly, then, allowing the state to argue to the jury that they could find my client guilty of an uncharged offense would be second-pronged plain error. There are also cases throughout the state, like I said, in the 3rd District, Peoples v. English, that the jury – that instructing the jury on an uncharged offense is also second-pronged plain error. In this case, the jury was charged in a theory of constructive possession based on my client putting his hand on his cousin's arresting ram tool, which should only apply to the uncharged offense. And the prosecutor specifically argued to the jury that even if you don't believe the defense witnesses, they should find him guilty based on the uncharged offense of the ram tool, based on the conduct of the case. When you talk about duplicity, though, the colloquial and dictionary definition of that is it's a trick. It's a purposeful trick, but that would not be the case here. No, we're not arguing that there was any trick here, Your Honor. Because the state didn't know about the other – Right, and that's exactly the problem, right? The state's arguing that the single-count information included a conduct that was never presented at a preliminary hearing, where no probable cause was found. Let's suppose you prevail. What happens next? If I prevail, Your Honor, there would be a new trial. Your Honor, unless you have any other questions about this issue. When there's a new trial, your defendant has already admitted to the fact that – to a fact which may have prompted the jury to find him guilty. If he recognizes that his defense will leave him open to another charge for which he's admitted, depending upon the legal construction of what constructing possession is. I understand what you're saying, Your Honor. I think at this point, and I'm not sure what the statute of limitations is, on the felony. The state would actually have to charge him with this crime. It has not done so. So if we go back for a new trial on the current offense, even despite that testimony, he could still get that testimony again. He couldn't be prosecuted for the Rantoul offense until the state charges him. I'm not sure what the timing is. So you're not making some kind of – it would like to be double jeopardy for the state to proceed on the Rantoul offense? I think it's hard to – that's exactly kind of the problem we have when we have this complicity situation. You know, we don't know whether my client may have been acquitted of the Rantoul offense. But, no, I'm not arguing that it would be double jeopardy to go back precisely because the jury was given one count to decide. That has two distinct offenses. We have no idea what their outcome is. If we're honored to respectfully request, unless you have any other questions? We do not. But you will have time on rebuttal. This is kind of a tricky one, isn't it? Can I identify myself first? Sure. My name is Allison Cage-Brooks, and I appear on behalf of the people that we support. Thank you. Do you have a question for me? No, just that it's an interesting case. It is. And I guess one of the points the defense makes here at the argument is that – about what the prosecution knew about this crime. Well, one thing the prosecution knew is that there was a positive gunshot residue test. And the way gunshot residue works is it can be pretty easy to wipe off. So, I mean, they know if they have a positive gunshot residue test, it's very highly likely for the defendant to have possessed a handgun on that day. And in the county of venue, which was Champaign County, it would have been incumbent on the defendants to seek a motion for bill of particulars if they wanted to restrict the state's proof to a particular crime. And so, this is within the scope of the charge. The scope of the charge, which is he possessed a handgun in Champaign County on February 10, 2017. So, you're saying then if the defendant had asked for a bill of particulars, the state would have responded to the bill of particulars by giving notice that the defendant was on trial for the gun-possessing rantool? No. It's not that the defense could have protected itself from the defense coming up with the idea, which I'm not sure how much the defendant told his own counsel about this particular witness, because the witness wasn't disclosed until after, I believe it was the prosecution's case-in-chief was over and the expert was already sent on their way. And then, that was part of their argument here, is that Juanita Turner's testimony was, they claimed, improperly barred for discovery violation. But the evidence showed that the defendant was talking with her as early as, I believe it was March 20, 2017, and the trial disclosure happened in June. June 7th, after the prosecution already read the case-in-chief. And so, if the defense is hiding a witness from his own counsel, and the counsel cannot disclose that, well, the defendant can still be penalized for discovery violation if this is considered to be willful misconduct. Preventing the trial court, preventing the prosecution from adequately impeaching Ms. Turner by cross-examination or introducing rebuttal evidence, for example. The number of jail calls that the prosecutors would have gone to, and I know the defense, and this is more to the discovery sanction issue, that they didn't argue, but the point of the court, they emphasized that the prosecutor somehow said that a one-day continuous would have been sufficient. Well, even if the jurors could have been held there after the voir dire only had their availability confirmed through Wednesday, and this would have been already on Wednesday, and the continuous would have already taken it past possible juror availability, but even all that aside, when they came back from the recess, they identified, they said they had at least a dozen phone calls to go through, and then they reiterated the request for the discovery sanction. So, this is a situation where just a one-day continuous would not have remedied the discovery violation, because they would have had to go through all these jail calls. And the idea that this is, like, under Taylor's presumptively perfect testimony, this is the type of thing where they are potentially conniving a defense to the positive gunshot residue test without telling the attorney, apparently, and, of course, if they want to blame the attorney for being ineffective here, of course, the defendant has a constitutional right to testify in their own defense. And if they want to admit on the stand that they committed the offense, albeit in a different way from the state's proof, well, they can't necessarily blame the attorney for the defendant exercising his right to testify in that way. And we don't really know on this record what counsel advised, whether counsel was ignorant about constructive possession or not. I'm not sure if that's in this record, but it could be left for a post-conviction hearing to say if the argument of post-conviction would be, like, counsel was ineffective for telling me to bring forth this witness to testify in this manner because she was ignorant about constructive possession, which came from the prosecutor, where they requested a constructive possession instruction based on the defendant's own testimony here. And that was proper because if you hold somebody's risk to aim a gun, that is constructive possession of the very least because you are controlling and intending to control the exercise of—you're exercising control over a thing through another person. And IPI 1—Criminal No. 4.16 mentions that control can be exercised through another person. Let me just stop you there. Isn't the question more fundamental in the way this matter is charged? See, the issue seems to be that the prosecutor, in adopting the defendant's facts, in closing, to suggest that this constructive possession is another way in which you can find the defendant guilty of the offense, is adopting facts and circumstances that aren't in the charging instrument. And so once the state—if the state not adopted that and the jury came back with a conviction, that's one thing, but the state, in sort of arguing that this is another way in which the defendant can be found guilty, the defendant's without notice of that particular charge. Now, the converse of that is it's the defendant's defense that comes up late, and I understand your position, but isn't that the real issue here? Well, the point of the charge is to give notice to the defense when the defense claims a violation of due process here, and so—well, also ineffective assistance, but primarily the gist of the argument here is that they're violating due process. But they did receive notice that they were being accused of possessing a handgun in Champaign County on February 10, 2017, and that was so broad that if that was somehow confusing to them, it was incumbent on them to seek a motion for dual particulars. Because if they didn't do so, then they could be convicted—the defendant could be convicted of possessing a handgun in that county on that day. That's a really good argument, and I just don't know that the defendant is compelled to do anything, and I'm wrestling with that in my own mind. I understand and appreciate your argument, but what does the defendant have to do in his own defense? Does he have to come forward? Is that burden-shifting to suggest the defendant—the burden's on the defendant to suss out these facts with a bill of particulars? No, no, Your Honor. Shifting the burden of proof is different from pursuing his due process right to understand what he's being accused of. And it has nothing to do with whether the state is shifting the burden away from the state to prove he had a reasonable doubt. Right, right. I didn't mean—yeah. He's charged. Fair. Well, essentially, the state has a burden of proving that he possessed a handgun in Champaign County on February 10, 2017. And one thing they could probably do, pointing to evidence in the records—evidence, albeit that the defendant himself had used— that he had been controlling a gun in Champaign County—written to him in Champaign County on that same day. And that was his explanation for the gunshot residue test, but it was not a very wise one because that gives the prosecutor— it teed up the prosecutor's argument that, well, even if you believe the defendant, he's still guilty. But we just don't know in this record that the attorney was ineffective for, essentially, the defendant putting this testimony on. And so it could be something they'll have to put in in a post-conviction hearing petition. But at least on direct appeal, stuff in this record—especially like their attempt to sort of go after the gunshot residue opinion— again, there's nothing in this record that is what this court has to be limited to to show that what they're essentially doing is saying, well, look at all this other great evidence out there that counsel didn't cite. Well, that's what a post-conviction petition is for. Marshall let evidence put in a post-conviction petition and essentially attempting to have post-conviction review on a direct appeal without limiting themselves to the actual court record. And so that other argument is essentially entirely proper because it's trying to rely on evidence from materials that are not in the record on appeal to go after counsel's conduct of the cross-examination of the state's gunshot residue expert. So the argument that the preliminary hearing and probable cause— again, probable cause finding is just simply to show that there is probable cause to believe the defendant committed an offense. So the prosecutors have a positive gunshot residue test, and then they can go to a probable cause hearing, preliminary hearing, and show probable cause that he had possessed a handgun through some sort of evidence that satisfies the judge's probable cause. Then the preliminary hearing standard is met. Well, what about the Bennu issue? Well, this is all in Champaign County, so there's not really a Bennu issue that they could really complain about. If he said he had gone over to Clinton or something, then they might have a possible idea that, well, maybe Champaign County State's attorney shouldn't be prosecuting him for an offense he committed in another county. That's not an issue here. So the other thing is they talk about duplicity. This is the exact same offense. It just can be committed in a different way. It's like if the charge says that someone was stabbed to death, and the defendant takes to stand and says, no, I shot him to death. Well, he's still guilty of murder either way, because there's only one offense of murder. Here, it's one offense. It's unlawful possession of a weapon by a felon. Or in a sex abuse case, when a child in the range of six months says that a child was sexually penetrated, and the defendant says, no, it didn't happen, then it happened on another day in another room or in another house in the same county, but within the range of days. He's still guilty. It doesn't really matter. It's the same crime that was charged. And if he admits it and confesses to it in his own testimony, the state is entitled to cite that and say that he is still legally guilty, even if he believed the defendant's testimony. And the idea of a unanimous verdict, again, is the same offense. And I'm not aware of any authority that says that the unanimity requirement applies, where there's one charge of one offense. Even if it can be committed in multiple ways, the jury is not necessarily required to unanimously agree on a particular theory of guilt. Or here, in another case, if some jurors think the defendant stabbed the victim and other jurors think the defendant shot the victim, but they all believe that he was responsible for the death, they don't necessarily have to agree on the same mechanism of the offense. What was the evidence presented at the preliminary hearing? I'm not sure exactly what that was. Well, let's just say it this way. It was more than the gunshot residue. Well, there was this incident in the house in Urbana. What? That's potentially what that pertains to. I'm not sure exactly if that's the case, but there was an eyewitness or a victim or somebody whose statement is going to come in through hearsay, for example. Right. But it wouldn't be based on evidence. Would you concede that that established the state's theory of the case in terms of going forward with the prosecution? Right. He can be convicted, not based on state evidence. That's not what I asked. Is that what the state based its decision to continue with the prosecution? We've got probable cause. The probable cause relates to the gunshot residue and whatever evidence we learned by hearsay from the people at the address in Urbana. In Urbana, yes. And that's their theory of the case. That is the understanding of the evidence that they would have had at that particular time. But once the trial happens, then— I know when that evidence came out. Right. I'm just saying. But nothing about that was part of the prosecution's case in chief. The Rantoul claim? Right. No. It would not have been part of the preliminary hearing or the prosecution's case in chief, right? So if you were preparing a defense, would you prepare a defense based upon the possession of the gun in Urbana or in Rantoul if you're a defense lawyer? You've been a defense lawyer. What would you expect at trial? How would you prepare your defense? Well, I would have asked for a bill of particulars to essentially narrow down the charge to the very particular incident that— I'm having a hard time following that. If the probable cause hearing shows that the offense occurred in Urbana, why in the world would the defense attorney ask for a bill of particulars? All they're going to get is it occurred at Urbana, just like we've learned at the probable cause hearing, the preliminary hearing, right? Well, it would have been a strategic reason to try to attempt to limit the state's proof of the crime, to narrow the charge. Then your theory is there should always be a bill of particulars, to always limit the state's prosecution to what was presented to establish probable cause.  Is that what you're saying? Well, what I'm saying is that the defendant has no right to control the state's prosecution, but, for example, the prosecution brought a very broad charge. It was their right. They decided to allege that he possessed a gun on that date in Champaign County. A gun in Champaign County on that date. To protect the defendant from the broadness of that charge, they have a right to seek a bill of particulars to narrow the scope of what the defendant is accused of. That could have enabled him to protect himself from the ability of the state, potentially, to argue that he was guilty of the charge because he testified in trial that he possessed a handgun and ran tool on that same day. So, essentially, there could have been something, but it's not sure. I mean, the argument here is ineffective assistance from counsel. On this record, we don't know what the defense attorney knew, like, in enough time, for example, to present a bill of particulars. Because if all we know is that he says, oh, by the way, my cousin Juanita Turner and I, we went out to get a tool. And he's telling this to the attorney. After the prosecution's case in chief was closed, well, it's too late to ask for a bill of particulars. If the defense attorney didn't know about this potential other crime or other theory or other incident or whatever it is, then there's no way they could have sought a bill of particulars and understood the importance of maybe narrowing the scope of this charge to something else. If the defendant is focused on his attorney mid-trial, then there's no way that the attorney really could have done anything differently. What if it's the sale of drugs, whatever drugs, within so many feet of a school or a church in Urbana? And then the defendant gets on the stand and admits, I did sell these drugs, but I sold it in a rural area of Rantoul. He's admitting to a crime. So what does the state do in that instance? Well, they can seek a lesser-included defense instruction and ask for a conviction on at least a lesser-included defense instruction to the extent they believe the defendant's testimony that he did not, in fact, sell it within a thousand feet or five feet of the school or whatever park or whatever, but that he still admitted that he possessed drugs or sold them or something. Yes? Why wouldn't the state ask for a – it wouldn't be a lesser-included, but it would be, you know, you're amending the information to make it just as broad but also more specific at the same time. Oh, okay. Is it necessary – I'm not sure it's necessary for the state to amend its charge, especially in this circumstance, when the charge already encompasses defendant's conduct. I mean, so then, like, if there's a question of a variance, for example, on whether – once the proof comes out in the state's case, the state asks for two amendments, indictment or amendments, information to conform to the proof. I'm not sure that's involved here because the proof is essentially already conformed to the charge, so it didn't need to be amended, and there's no question of variance or anything like that. I mean, the defendant had enough to present to defense because they were accused – a defendant was accused of possessing a gun, Champaign County Fairway 10, 2017. And that's all he needed to know the stuff, and to the extent that there could have been a strategic reason to narrow the charge, then perhaps that could have been done through both particulars, but the defense attorney would have had to have known that that's what the defendant wanted to do. That if the defense attorney had no way of knowing about this grand tool incident until mid-trial, then the defense attorney's kind of stuck with that, and that you didn't start a way of blaming them, the defense attorney, for being ineffective. Maybe the defense attorney doesn't want to ask his client. In the recent past, right up to and including what we think the charge is, have you had a gun in your possession? If you're a defense attorney, do you ask your client that? That's a good question. When you have a positive gunshot residue test, and you might say – What the hell's going on? What could possibly explain that? And if the answer is, oh, I took my cousin out to show her how to shoot a gun in a grand tool, and hopefully an effective attorney would say, well, that's within the scope of this charge, so I wouldn't say that. But we don't know. We just don't know what's – because this is on direct appeal, we cannot speculate on things like that under a divorce of records. So I would think this is the type of thing that would have to be left for a post-commission petition. And so, I mean, that's why the state's requesting to affirm this conviction. I understand this would probably become a post-commission case, but at least at this point in this record, there's just not enough to overcome strong presumption that counsel was effective, that counsel provided reasonable assistance. And because we don't really know a lot of this stuff, and there's too many questions, it cannot be resolved adversely by assumption. So I'd entertain any other questions. Okay, I have one. So there could have been an amendment to conform with the proofs, but then the defendant interjects this new fact. For me, I'm wondering, once the instruction is decided it's going to be tendered, does that – because otherwise, the state is simply reacting to the defense case. But once the state sort of adopts those facts, then would there be an obligation to conform the pleadings to the proofs? I'm not sure that the state is required to allege actual or constructive possession in this charge. So essentially, like accountability language, it doesn't have to actually be in the charge, but you can still ask for an accountability instruction at the trial anyway without it having ever been included in the charge. I'm not sure that constructive possession ever had to be alleged in the charging instrument. It just said possessed, so it seems like that's not necessarily – Well, counsel, the state could have just proceeded without the accountability instruction, asked the jury to convict the defendant for having possessed the gun in Urbana, and whether successful or unsuccessful, then subsequently filed a new charge that defendant violated this statute on lawful use of weapons by possessing a gun in Rantoul, correct? May I have an answer to that question? My time has expired. Yes, you may. Thank you. That's what they should have done, right? It would look, based on this charge, that it could violate double jeopardy to essentially say that he possessed a gun in the county on that same day. But I understand that double jeopardy is affected by the proof in the trial. But here, part of the proof in the trial was the defendant's admission that he possessed a gun in Urbana. So I would think that that would have double jeopardy implications. Although, if I could very quickly add, the defendant here is asking for a new trial, so therefore, he's essentially waiving double jeopardy. So it could go back for a new trial. And I'm not sure if that would affect the state's ability to file a new charge on Rantoul. Thank you, Your Honor. Thank you. Rebuttal? Your Honors, I have to confess, I'm a little confused about the state's bill in particular. In this case, as we know, the state had no idea. And let's assume that, just for the moment, that counsel knew everything about the facts, knew about Juanita Turner, knew about the Rantoul incident. At that point, the only charge here was for the offense in Urbana. He knows this, or counsel knows this, because there was a preliminary hearing. This notion that a preliminary hearing can relate to conduct in one event, in conduct in relation to a particular gun in a particular place in a particular time, and that can somehow include any evidence of any of the same kind of events anywhere in count, is really expansive. I have not seen a single case that has ever held such a thing. Additionally, Your Honor, your counsel gave a couple of examples of situations where you can have some kind of differentiation from the charge. Like she gave the example of someone being stabbed versus being shot, or different sex offenses. But those all relate to a single person. We're talking about two different guns here. The nature of possession of a weapon is the possession of a weapon. We're talking about two different guns in two different locations at two different times. These are distinct, separate offenses. These are not offenses arising out of the same incident. These are not lesser-included offenses. They are separate offenses. And there is no case that I've seen that has said that two separate offenses can be charged in a single count. So this idea that we can somehow include evidence that the state doesn't learn for the first time. The state doesn't know at the time they actually charged the defendant. Again, moving to trial, I'm in charge of this case in Urbana. The state had no idea about this Reintul incident until at the middle of the trial. There's just no law supporting that proposition. I don't really think this matters, but you can comment on it. The gun in Reintul could have been the same gun as the gun in Urbana. Could it not? I mean, there's nothing in the record that says the jury could have concluded that. With respect to trial evidence, the only trial evidence, no, actually, even with respect to the trial evidence, this gun belonged to his cousin. It was his cousin's attorney's gun. And that could have been the one that he later in the day possessed, in theory, in Reintul. If we speculated about the evidence, I suppose. Urbana, I got that right. I suppose, Your Honor, but I don't think, I don't remember whether they talked about the color of the gun in Reintul or anything like that. But regardless, Your Honors, we're talking about notice of the defense. The notice requirement isn't just notice that somebody could be convicted of any unlawful use of a weapon anywhere in the county. It's notice it's predicated on the preliminary hearing. It's already limited by the preliminary hearing. Again, no prosecution may be had by information unless it's based on probable cause of the preliminary hearing. Just because you find probable cause for one crime doesn't mean that any other conduct for any other crime would be included within that. And I think that's all I have to say about that, Your Honors, unless you have any more questions. What about the self-serving nature of the introduction of the defendant's version of events? It's a very vague question. I'm assuming, if I could guess, I'm assuming you're saying that he testified about his gun possession to explain why his gun shot her. That doesn't affect what the charges are. The question here is whether he could be – as Your Honor, Justice Turner pointed out, the state could have, after this trial, tried to charge the prosecutor for instructive possession of a gun and land tool after the case. The fact that he gave this testimony at trial, maybe he gave that testimony because he knew he was only being charged with the Urbana offense, and that would have been valid advice here. I committed a crime, just not the crime you've charged me with. Correct, Your Honor. I mean, let's say, as kind of a wild example, let's say someone was charged, broadly, with murdering John Smith in Urbana, and his defense was, I had an alibi. I didn't murder John Smith in Urbana. I murdered a different John Smith in Rantoul. Could he be found guilty of the charged offense there? No, because he's only charged with a crime in Urbana. He's not being charged with a crime in Rantoul. The state could have pursued that afterwards. The only issue here is whether the preliminary hearing is whether, what exactly was charged in the information here? What was charged in the information here was a hopeful use of a possession of a weapon by a felon in Urbana. And, again, just briefly, bill of particulars, as Your Honor pointed out, had counsel sought a bill of particulars, she would have had the same information that we have here at the state, still wouldn't have charged him with that offense because the state didn't know about this conduct. Therefore, Your Honor, unless Your Honor has any more questions. I see none. Thank you. All right. Thank you, Your Honor. We take this matter into the environment. Await the readiness of the next case after lunch.